UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:                                                  Case No. BKY 10-35110
                                                        Chapter 11
R & S Heating & Air Conditioning, Inc.,

    Debtor-In-Possession
_____

## DEBTOR'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT AGREEMENT, MEMORANDUM, AND VERIFICATION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO:   All parties and other entities specified in Local Rule 9013-3.

1.  The Debtor moves the Court for the relief requested below and gives notice of hearing.

2.  The Court will hold a hearing on this motion at 1:30 p.m. on December 8, 2010, in Courtroom No. 2A, at the United States Courthouse at 316 North Robert St., St. Paul, Minnesota.

3.  Any response to this motion must be filed and served not later than December 3, 2010, which is five days before the time set for hearing (including Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding.  The petition commencing this chapter 11 case was filed on July 13, 2010.  This case is now pending before this Court.

5.  This motion arises under Bankruptcy Rule 9019.  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rule 5005-1.  Movant requests relief with respect to the

approval a Settlement Agreement

6. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is in possession of its assets and managing its affairs as a debtor-in-possession.

## FACTUAL BACKGROUND

7. Prior to the petition date, the Debtor provided certain labor and materials to property owned or managed by Swervo Development Corporation, O.C. Ventures, LLC, Jackson I, LLC, and 110 Wyman, LLC (the "Defendants"). The Defendants are under common control and/or ownership. The Debtor filed mechanic's lien statements in Hennepin County and Ramsey County, Minnesota and commenced an action to foreclose one of the liens in District Court in Hennepin County, Minnesota, Court File No, 27-CV-10-13384 against Swervo Development Corporation and O.C. Ventures, LLC., seeking to recover $255,362.75 (the "Hennepin County Action"). The defendants in the Hennepin County Action denied the Debtor's allegations, contending that the Debtor intentionally overstated its lien.

8. The Debtor and the Defendants (collectively, the "Parties") have resolved their disputes, have agreed to a resolution of the Hennepin County Action, and have further agreed to a resolution of other disputes and claims that were not included in the Hennepin County Action (the "Settlement Agreement"), and seek approval of the Settlement Agreement by the Court. A copy of the Settlement Agreement is attached hereto as Ex. A.

9. Pursuant to the terms of the Settlement Agreement, the Parties have agreed that the Defendants shall pay $178,539.63 to the Debtor's estate and shall pay $168,807.12 to certain subcontractors who have filed or have threatened to file mechanic's liens against

real estate owned or managed by the Defendants. Under Minnesota Statutes Sec. 514.07, the Defendants are entitled to pay those subcontractors directly, rather than pay the Debtor, in order to remove or prevent mechanic's liens against their properties. Thus, those funds are not part of the Debtor's estate. Those subcontractors are also unsecured creditors in this case, and the Settlement Agreement will reduce the amount of the Debtor's unsecured debt. The settlement amounts equal 100% of the amounts claimed in the Hennepin County and Ramsey County mechanic's liens, plus the payment of an additional $18,867 of $27,110.25 (approximately 70%) claimed to be due in various other invoices to the Defendants.

10. The Parties have also agreed that they will release and discharge each other, their respective owners, members, shareholders, partners, officers, directors, employees, predecessors, successors and all those acting in concert therewith from any and all claims, actions, causes of action, costs, expenses and other obligations in relation to the Hennepin County Action and in relation to the work that was the subject of the mechanic's lien filed by the Debtor in Ramsey County, Minnesota.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 413, 424 (1969) *(quoting Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130 (1939).

12. A settlement agreement is not required to obtain the best result obtainable, but must

only be above the lowest point of a range of reasonableness. *Id.* To assess the reasonableness of a settlement, the Court must consider the following factors in determining whether to approve of the Settlement Agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *Tri-State Financial, LLC v. Lovald,* 525 F. 3d 649, 654 (8th Cir. 2008) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc., supra* at 424).

13. **<u>Probability of Success on the Merits.</u>** The Settlement Agreement provides for the entire amount sought in the Hennepin County Action and under the Ramsey County mechanic's lien, except the Settlement Agreement does not provide for attorneys' fees that the trial court may award in a mechanic's lien case. The Debtor believes it that it is doubtful that the trial court would award the Debtor all of its continuing attorneys' fees given that the Debtor has already recovered 100% of its claim in the Hennepin County Action. Continuing the litigation only to recover attorneys' fees would introduce the risks present in all litigation and there is no certainty that the Debtor would prevail. Moreover, the Debtor would incur additional legal costs and there would be the delay inherent in all litigation matters. The Debtor believes it is in the best interests of the estate and its creditors to approve the Settlement Agreement in light of these potential costs and the uncertainty and delay of litigation.

14. **<u>Collection Difficulties.</u>** In the event the Debtor would prevail in the litigation, the Debtor would incur additional fees and costs in pursuing collection of its judgment.

> While the Debtor is not aware of any specific collection difficulties at this time, there certainly would be additional delay and costs associated with such efforts.

15. **Complexity, Expense and Delay.** There are no unusual complexities associated with the underlying litigation; however, the Defendants have raised defenses in the Hennepin County Action that certainly complicate the case. Moreover, ongoing litigation will undoubtedly result in additional expense and delay with no guaranteed outcome.

16. **Interest of Creditors.** The Debtor believes the Settlement Agreement is in the best interest of the Debtor, the estate and creditors of the estate. The Settlement Agreement results in immediate payment on the claim and avoids the risks, delay and additional costs inherent in any litigation.

## CONCLUSION

In light of the foregoing factors, the Debtor respectfully submits that the Settlement Agreement falls well within the "range of reasonableness" and satisfies the legal standard set forth in *Tri-State Financial.* Pursuant to the Settlement Agreement, the Debtor and Defendants will exchange mutual releases and Defendants will pay $178,539.63 to the Debtor's estate and $168,807.12 to subcontractors who have filed or threatened to file mechanic's liens. The Settlement Agreement is fair and reasonable, and in the best interest of the Debtor's estate and creditors. Thus, the Settlement Agreement proposed herein is reasonable in light of the facts and circumstances of this case, and the Debtor respectfully requests that the Settlement Agreement be approved.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the Motion and enter an order approving the Settlement Agreement, and grant such other and further relief as the Court may deem just and proper.

Dated: November 12, 2010   WENTZELL LAW OFFICE, P.L.L.C.


By: _____
    Joseph A. Wentzell    170616
    James W. Moen     160349
    2812 Anthony Lane South, Suite 200
    St. Anthony, Minnesota 55418
    Voice 612.436.3292 Fax 612.788.9879
    E-mail: Jwentzell@fosterbrever.com

ATTORNEY FOR DEBTOR

Dated: _____, 2010     WENTZELL LAW OFFICE, P.L.L.C.

By: _____
    Joseph A. Wentzell   170616
    James W. Moen     160349
    2812 Anthony Lane South, Suite 200
    St. Anthony, Minnesota 55418
    Voice 612.436.3292 Fax 612.788.9879
    E-mail: Jwentzell@fosterbrever.com

ATTORNEY FOR DEBTOR

Verification

I, Jessica Thielen, the president of the Debtor named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: 11/12/10            _____
                                              Jessica Thielen

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT<br>CIVIL DIVISION |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: 14 Other Civil
Mechanic's Lien Foreclosure
Court File No. 27-CV-10-13384
Hon. Gary Larson

R&S HEATING AND
AIR CONDITIONING, INC.,
A MINNESOTA CORPORATION,

    Plaintiff,

vs.

O. C. VENTURES, LLC,
A MINNESOTA LIMITED LIABILITY
COMPANY,

SWERVO DEVELOPMENT
CORPORATION, A MINNESOTA
CORPORATION,

SIEMENS ENERGY & AUTOMATION,
INC., A DELAWARE CORPORATION,

JOHN DOE, MARY ROE, ABC
PARTNERSHIP and XYZ
CORPORATION, whose true names are
Unknown to the Plaintiff,

    Defendants.

SETTLEMENT AGREEMENT

    This Settlement Agreement ("*Agreement*") is entered into by and among R&S Heating & Air Conditioning, Inc., a Minnesota corporation ("*Plaintiff*") and O.C. Ventures, LLC, a Minnesota limited liability company and Swervo Development Corporation, a Minnesota corporation ("*Defendants*") and Jackson I, LLC, a Minnesota limited liability company ("Jackson I") and 110 Wyman, LLC ("110 Wyman"), a Minnesota limited liability company. Defendants, Jackson I and 110 Wyman are at times collectively referred to herein as the "Property Owners."

## RECITALS

A. Whereas Plaintiff has filed a Mechanic's Lien Statement in Hennepin County Minnesota as document number T4757129 (the *"Hennepin County Lien"*) and has sought to foreclose the Hennepin County Lien and has asserted other claims against Defendants in the above-captioned case currently pending in Hennepin County, Minnesota District Court (the *"Lawsuit"*); and

B. Whereas, Defendants have asserted counterclaims against Plaintiff in the Lawsuit; and

C. Whereas Plaintiff and Property Owners have engaged in good faith settlement negotiations through their respective legal counsel; and

D. Whereas Plaintiff and Property Owners desire to enter into this Settlement Agreement;

NOW, THEREFORE, in consideration of the foregoing, the covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENTS

1. Settlement.

    (a) Property Owners shall pay to Plaintiff a collective total of Three Hundred Forty Seven Thousand Three Hundred Forty Six and 75/100 Dollars ($347,346.75) (the *"Settlement Payment"*). Property Owners shall make the Settlement Payment to or on behalf of Plaintiff as follows:

    (i) A certified check and/or one or more title company checks payable to Plaintiff in the collective amount of $178,539.63, to be delivered to Plaintiff's counsel on or before the fifth business day following the date on which this Agreement is fully executed by Plaintiff and Property Owners;

    (ii) Payment on or before the fifth business day following the date on which this Agreement is fully executed by Plaintiff and Property Owners to the following subcontractors of Plaintiff who have filed the mechanic's lien statements listed below, or who have threatened to file mechanic's lien statements, against real property owned or managed by Property Owners in the following amounts:

    (A) Trane U.S. Inc. $37,586.00
    (Ramsey Co. #2116978 (torrens) and #423548 (abstract))

    (B) Ace Supply Co. $19,737.61
    (Ramsey Co. #2111175 (torrens) and #4225016 (abstract))

|     |     |     |     |
| --- | --- | --- | --- |
|     | (C) | Twin City Windustrial<br>(Ramsey Co. #2116821 (abstract)) | $17,458.68 |
|     | (D) | Liebert Corporation<br>(threatened lien for work at 180 5th St. East, St. Paul, MN) | $49,318.00 |
|     | (E) | Ace Supply Co.<br>(Hennepin Co. #T4759249) | $5,930.34 |
|     | (F) | Bernard Mulcahy<br>(Hennepin Co. #T4776688) | $38,776.49 |

(iii) With respect to the payments set forth in paragraph 1(a)(ii)(A) – (F), on or before the fifth day following the date on which such payments are made Property Owners shall supply Plaintiff's counsel with proof of payment of said amounts, including a copy of the check issued to such party and copy of a full Satisfaction of Mechanic's Lien executed by each party.

(b) The Settlement Payment includes the settlement of all amounts claimed in the Lawsuit, plus the settlement of amounts claimed as set forth in the mechanic's lien statement filed by Plaintiff in Ramsey County, Minnesota as document numbers 2118471 (torrens) and 4238132 (abstract) (the *"Ramsey County Lien"*).

(c) The Settlement Payment also includes payment in full of invoice number 101008*02 in the amount of $8,500 issued from Plaintiff to Defendant 110 Wyman, which was not included in the Lawsuit.

(d) The Settlement Payment also includes payment in full of invoice number 40292 in the amount of $1,560.00 and invoice number 39622 in the amount of $3,207.00 which were issued by Plaintiff to Jackson I and which were not included in the Lawsuit.

(e) The Settlement Payment includes partial payment of invoice numbers 37149, 40107, 40108, 38979, and 41162, which were issued by Plaintiff to Defendant Swervo Development Corporation and which were not included in the Lawsuit. The total amount claimed by Plaintiff under the above-listed invoices is $13,843.25, of which $5,600.00 is being paid upon the payment of the Settlement Payment. The balance of the amounts due on those invoices as claimed by Plaintiff, $8,243.25, is not being paid pursuant to the payment of the Settlement Payment. Plaintiff does not release its claims for such amounts and Defendants do not agree that such amounts are due and owing.

(f) The Settlement Payment does not include the payment by Defendants of a claim in the amount of $7,500 asserted by Plaintiff for work performed by Plaintiff at the direction of Rochon Corporation at the property that is the subject of the Lawsuit. Plaintiff does not release its claims for such amount and Defendants do not agree that such amount is due and owing.

(g) Failure by the Property Owners to make any of the payments included in the Settlement Payment as set forth in this paragraph 1 or provide the documents required

3

by paragraph 1(a)(iii) of this Agreement shall render this Settlement Agreement null and void.

2. <u>Dismissal with Prejudice of Lawsuit; Satisfaction of Liens; Discharge of Lis Pendens</u>. Upon payment in full of the Settlement Payment pursuant to paragraph 1 of this Agreement and upon Property Owners providing to Plaintiff's counsel the documents required under paragraph 1(a)(iii) of this Agreement: (i) counsel for the parties shall file with this Court a stipulation to dismiss the Lawsuit with prejudice pursuant to Rule 41.01(a) of the Minnesota Rules of Civil Procedure, (ii) Plaintiff shall provide original Satisfactions of Mechanic's Lien for both the Hennepin County Lien and Ramsey County Lien to the applicable title companies working for Property Owners, and (iii) Plaintiff shall file a Discharge of Notice of Lis Pendens in Hennepin County, Minnesota with respect to the Notice of Lis Pendens filed by Plaintiff as document number T4759247 and shall provide Defendants with a copy of said discharge.

3. <u>Mutual Release</u>.

(a) Plaintiff on behalf of itself, its former and present parents, subsidiaries, members divisions, affiliates, partners, officers, directors, employees, agents, insurers, attorneys, predecessors, successors, and assigns (collectively, the "*Plaintiff Releasors*") does hereby release, acquit and forever discharge Property Owners and their respective former and present parents, subsidiaries, divisions, affiliates, partners, officers, directors, employees, agents, insurers, attorneys, predecessors, successors, assigns, heirs, and executors (collectively, the "*Defendant Released Parties*") from any and all claims asserted in the Lawsuit or claimed in the Ramsey County Lien, or in connection with the amounts claimed and paid pursuant to Sections 1(c) and 1(d) herein.

(b) Property Owners on behalf of themselves, their former and present parents, subsidiaries, divisions, affiliates, partners, officers, directors, employees, agents, insurers, attorneys, predecessors, successors, and assigns (collectively, the "*Defendant Releasors*") do hereby release, acquit and forever discharge Plaintiff and its respective former and present parents, subsidiaries, divisions, affiliates, partners, officers, directors, employees, agents, insurers, attorneys, predecessors, successors, assigns, heirs, and executors (collectively, the "*Plaintiff Released Parties*") from any and all claims and counterclaims asserted in the Lawsuit or that could be asserted with respect to the materials and labor provided by Plaintiff to Property Owners at the property described in the Ramsey County Lien.

(c) The Plaintiff and Property Owners agree that the releases set forth in paragraphs 3(a) and 3(b) of this Agreement do not apply to any breaches of this Agreement, and that upon a breach of this Agreement, the non-breaching party may exercise all rights and remedies available to it pursuant to this Agreement, or as provided by law.

4. This Agreement does not constitute and shall not constitute an admission of any liability or wrongdoing on the part of Property Owners, nor an admission by Plaintiff as to the nature or extent of any damages it claims to have suffered.

4

5. Plaintiff and Property Owners each acknowledge that they are, and have been, represented by their own legal counsel in connection with the negotiation, drafting and signing of this Agreement and the matters referred to herein; that they understand and fully agree to each, all, and every provision of this Agreement; all of which have been explained to them by their respective legal counsel; and that they have received and read a copy of this Agreement before signing it.

6. Plaintiff and Property Owners warrant and represent that:

   (a) Each of them is fully authorized to enter into and execute the Agreement;

   (b) This Agreement constitutes, and when executed will constitute, the legal, valid and binding obligation of each of them enforceable in accordance with its terms;

   (c) The execution and delivery of this Agreement and the consummation of the transactions contemplated hereby does not conflict with, or result in a breach of, or constitute a default under, any agreement or instrument to which any plaintiff or defendant is a party, nor does such action violate any statute, law, rule or regulation or any order, writ, injunction or decree of any court or governmental authority; and

   (d) There has been no assignment of any right, claim or cause of action encompassed by this Agreement.

10. The terms of this Agreement may be modified, amended, or any provisions thereof waived only by mutual consent of the parties hereto as reflected in a writing executed by all parties.

11. This Agreement shall be construed and enforced in accordance with and interpreted by the internal laws of the State of Minnesota, and any action commenced to enforce any of the provisions hereof shall have as its venue the Minnesota State District Court in Hennepin County. If either party takes any action against the other party to enforce the terms of this Agreement, including actions taken prior to or after initiating formal proceedings in District Court, then the prevailing party shall be entitled to recover its attorneys' fees, pre-judgment and post-judgment interest, and costs in connection with such action or proceedings, including costs of appeal, if any.

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns and legal representatives.

13. This Agreement may be executed in counterparts and by telefax, each of which shall be deemed an original and all of which, taken together, shall constitute one agreement.

Dated: 11/12/10      **R&S HEATING & AIR CONDITIONING, INC.**

By: _J. Shulen_
Name: Jessica Thielen
Title: CEO

Dated: _____      **O.C. VENTURES, LLC**

By: _____
Name: Nedal Abdul-Hajj
Title: Chief Manager

Dated: _____      **SWERVO DEVELOPMENT CORPORATION**

By: _____
Name: Nedal Abdul-Hajj
Title: President

Dated: _____      **JACKSON I, LLC**

By: _____
Name: Nedal Abdul-Hajj
Title: Chief Manager

Dated: _____      **110 WYMAN, LLC**

By: _____
Name: Nedal Abdul-Hajj
Title: Chief Manager

6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:                                             Case No. BKY 10-35110
                                                        Chapter 11

R & S Heating & Air Conditioning, Inc.,

      Debtor-In-Possession

_____

Unsworn Certificate of Service

I hereby certify that on November 12, 2010, I caused the following documents:

DEBTOR'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT AGREEMENT, MEMORANDUM, AND VERIFICATION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, PROPOSED ORDER, and Unsworn Certificate of Service to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Monica L. Clark on behalf of Interested Party Lennox National Account Services LLC
clark.monica@dorseylaw.com

Amy L. Court on behalf of Interested Party Trustees of the Sheet Metal Local #10 Control Board Trust Fund
alc@mcgrannshea.com, sml@mcgrannshea.com

David G Hellmuth on behalf of Interested Party Swervo Development Corporation
dhellmuth@hjlawfirm.com

Linda J. Jungers on behalf of Interested Party FORD MOTOR CREDIT COMPANY LLC
LJJ@szjlaw.com

Colin Kreuziger on behalf of U.S. Trustee US Trustee
Colin.Kreuziger@usdoj.gov

Timothy D. Moratzka on behalf of Creditor Committee UNSECURED CREDITOR'S COMMITTEE
tdm@mcmlaw.com, ldj@mcmlaw.com;jef@mcmlaw.com

T. Chris Stewart on behalf of Interested Party c/o T. Chris Stewart Anastasi & Associates, P.A.
tchris@analawfirm.com, mai@analawfirm.com

US Trustee
ustpregion12.mn.ecf@usdoj.gov
Marilyn J Washburn on behalf of Creditor Ally Financial Inc. f/k/a GMAC Inc.
MN_bank@riezmanberger.com;riezmanberger@gmail.com

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

Barbara Condit
SPS Companies, Inc.
6363 Highway #7
Minneapolis,, MN 55416

Tim Hinz
Twin City Windustrial Comapny
7910 Powell Road
Hopkins, MN 55343

Mackall Crounse and Moore on behalf of Creditor Committee
UNSECURED CREDITOR'S COMMITTEE
1400 AT&T Tower
901 Marquette Ave
MINNEAPOLIS, MN 55402

Glen Swan
Ace Supply Company Inc.
3825 Edgewood Avenue South
St. Louis Park, MN 55426

Dated: November 12 2010

_____
Roberta M. Johnson
2812 Anthony Lane South Suite 200
St. Anthony, MN 55418
612.436.3296

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                                                Case No. BKY 10-35110
                                                                                               Chapter 11

R & S Heating & Air Conditioning, Inc.,

       Debtor-In-Possession

_____

## **ORDER APPROVING SETTLEMENT AGREEMENT**

This matter came before the Court on the motion of Debtor R&S Heating & Air Conditioning, Inc. to approve a Settlement Agreement by and among the Debtor and Swervo Development Corporation, O.C. Ventures, LLC, Jackson I, LLC and 110 Wyman, LLC resolving certain claims and litigation that arose prior to the filing of the petition in this case. Based upon the arguments of counsel, moving documents, the record made at the hearing, the Court's findings of fact and conclusions of law, if any, having been recorded in open court following the close of evidence and the Court having reviewed the Settlement Agreement and being fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is hereby approved and the parties are authorized to perform the terms thereunder, and

2. This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.


Dated:_____                             _____
                                                                            Gregory F. Kishel
                                                                             United States Bankruptcy Judge