## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Chapter 11

R & S Heating & Air Conditioning, Inc.,

Bky. Case No. 10-35110-GFK

Debtor.

## NOTICE OF HEARING AND VERIFIED MOTION
## FOR APPROVAL OF COMPROMISE

**TO: ALL ENTITIES SPECIFIED IN LOCAL RULE 2002-1(b).**

1.      R & S Heating & Air Conditioning, Inc. ("Debtor"), through John R. Stoebner, Chapter 11 Trustee (the "Trustee"), moves the Court for the relief requested below and gives notice of hearing herewith.

2.      The Court will hold a hearing on this motion at 10:00 a.m. on April 20, 2011, or as soon thereafter as counsel may be heard, in Courtroom 2A, of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

3.      Any response to the motion must be filed and served not later than April 15, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays).

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. A voluntary petition commencing this Chapter 11 case was filed on July 13, 2010. On November 18, 2010, the

Trustee was appointed as Chapter 11 Trustee. Debtor's bankruptcy case is now pending before this Court.

5.  This motion arises under 11 U.S.C. § 542(b) and Fed R. Bankr. P. 9019. This motion is filed under Fed. R. Bankr. P. 2002 and 9014 and Local Rules 2002-1, 9013-1 through 3, and 9019-1.

6.  The Trustee seeks an Order of this Court approving the compromise of a debt jointly owed to Debtor by Ike's, LLC ("Ike's") and its former majority owner, Carl B. Isaacson ("Isaacson") on account of a February 7, 2007 Promissory Note in the original principal amount of $123,139.48, plus seven percent (7%) annual interest thereon. The Promissory Note related to services provided by Debtor to Ike's from time to time in 2002 and 2003, but for which Debtor had not been paid. In connection with the Promissory Note, Ike's also executed and delivered a Warrant of Attorney to Enter Judgment by Confession.

7.  According to Debtor's records, the unpaid balance of the debt owed by Ike's and Isaacson is $122,949.33. Ike's has asserted that it believes the unpaid balance is approximately $90,000.00.

8.  Mr. Gene Winstead, a minority owner in Ike's and now its Chief Manager, has represented to the Trustee that: (a) Isaacson is no longer managing Ike's and is insolvent or otherwise unavailable to satisfy his obligations to Ike's creditors; (b) Ike's is experiencing significant cash-flow problems and is unable to satisfy in full the claims of its creditors; (c) Winstead is obtaining and providing to Ike's capital to repay Ike's creditors, on the condition that the creditor's agree to compromise the amount of their claims; and (d) if Ike's creditors do not sufficiently compromise their claims, Ike's is likely to cease operations, which will result in minimal, if any, payment to creditors.

9.      For the foregoing reasons, it is the Trustee's business judgment that it is in the best interest of Debtor's bankruptcy estate to accept Ike's offer to pay $55,000 to satisfy in full the debt owed to the Debtor by Ike's and Isaacson.  Specifically, the Trustee believes that accepting Ike's offer is prudent and beneficial to the estate in light of the litigation expense to prove liability for the disputed amount of the debt, approximately $32,949.33, and the delay, expense, and low likelihood of successfully collecting on any judgment.

10.      Ike's has settled a debt owed to another bankruptcy estate, that of Dennis E. Hecker, Bky. Case. No. 09-50779, on terms comparable to the settlement moved by the Trustee here.  Attached hereto as Exhibit A for the Court's reference is a true and correct copy of the Notice of Hearing and Motion for Approval of Settlement filed as Doc. No. 735 in the Hecker bankruptcy case.

11.      The agreement between Ike's and the Trustee provides, *inter alia*, that Ike's will promptly deliver payment of $55,000 and that the Trustee releases Ike's and Isaacson from liability on the Promissory Note.  The specific terms of the settlement are set forth in the written Settlement Agreement and Release attached hereto as Exhibit B.

WHEREFORE, the Trustee respectfully requests that the Court approve the settlement with Ike's and for such other and further relief as is just and equitable.


Dated: March 24, 2011

LAPP, LIBRA, THOMSON, STOEBNER
& PUSCH, CHARTERED

By:  /e/  Tyler D. Candee

John R. Stoebner (#0140879)
Ralph V. Mitchell (#184639)
Tyler D. Candee (#0386598)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN  55402
T (612) 338-5815
F (612) 338-6651
JStoebner@lapplibra.com
RMitchell@lapplibra.com
TCandee@lapplibra.com

**ATTORNEYS FOR JOHN R. STOEBNER,
TRUSTEE**


## VERIFICATION

John R. Stoebner, as trustee of the Chapter 11 bankruptcy estate of R & S Heating and Air Conditioning, Inc., Movant herein, declares under penalty of perjury that he has read the foregoing Motion for Approval of Compromise, and that the facts set forth therein are true and correct according to the best of his knowledge, information, and belief.

 /e/  John R. Stoebner
John R. Stoebner

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,                                                      Chapter 7

                    Debtor.

---

## NOTICE OF HEARING AND MOTION FOR APPROVAL OF SETTLEMENT

---

To:      Parties specified in Local Rule 9013-3.

1.      Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Trustee**"), moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing on this motion at 2:00 p.m. on April 20, 2011 Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 or as soon thereafter as counsel can be heard.

3.      Any response to this motion must be filed and delivered no later than April 15, 2011 which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure, and Local Rule 1070-1.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A).  This case was commenced as a voluntary Chapter 7 case on June 4, 2009.  The case is now pending before this Court.

5.      This Motion arises under Bankruptcy Rules 2002(a)(3) and 9019(a) and Local Bankruptcy Rules 9006-1(e) and 9013-5.  The Trustee seeks approval to enter into a settlement with

Gene Winstead or his assigns relating to the Trustee's prior settlement with Ike's, LLC and Carl Berhard Isaacson, II (collectively, "**Ike's**").

6.        On January 27, 2001, the Court approved a settlement with Ike's which would have resulted in the bankruptcy estate receiving $218,000.00 over time.  The payment to the estate was, essentially, contingent upon Ike's ability to pay and the strength of Mr. Isaacson's guaranty.

7.        Mr. Winstead, a minority owner in Ike's, LLC, has established to the Trustee's satisfaction that without a substantial reduction and settlement of the debt owed to the estate and of other debts owed by Ike's, Ike's would be unable to honor its agreement with the estate and could fail.

8.        Mr. Winstead has offered to pay the estate the immediate sum of $109,000.00 to resolve the estate's claims against Ike's.

9.        Based on the Trustee's investigation of Mr. Isaacson's and Ike's assets and liabilities, he believes that this settlement is in the best interest of the bankruptcy estate and its creditors.

10.       An e-mail from Mr. Winstead agreeing to pay $109,000.00 is attached hereto as Exhibit A.

11.       The Trustee gives notice that he or Mr. Winstead may testify at the hearing of this matter.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order approving the settlement detailed herein and grant such other and further relief as the Court may deem just and equitable.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: March 23, 2011

/e/ Matthew R. Burton

By_____
  Matthew R. Burton, #210018
  Attorneys for Randall L. Seaver, Trustee
  100 South Fifth Street, Suite 2500
  Minneapolis, Minnesota  55402
  (612) 332-1030

3

## <u>VERIFICATION</u>

     I, Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Motion for Approval of Settlement and Sale, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

/e/  Randall L. Seaver

Dated:  March 23, 2011

_____

Randall L. Seaver, Trustee

436270

## ███████████ - Re: Hecker/Ike's

**From:**     "Winstead, Gene" <GWinstead@███████████>
**To:**       "'MBurton@losgs.com'" <MBurton@losgs.com>
**Date:**     3/21/2011 4:56 PM
**Subject:**  Re: Hecker/Ike's
**CC:**       ████████████████████

Mr Burton

I acknowledge the email and is correct.
Gene Winstead



---

**From:** Matthew Burton [mailto:MBurton@losgs.com]
**Sent**: Monday, March 21, 2011 03:14 PM
**To**: Winstead, Gene
**Subject**: Hecker/Ike's

Gene -

This email is to confirm your agreement to pay $109,000 to resolve the bankruptcy estate's settlement with Ike's, LLC and Mr. Isaacson.  You acknowledge that the settlement is subject to bankruptcy court approval. Further, you have agreed to pay the $109,000 next week to "Randall L. Seaver, Trustee" with the payment delivered to my attention.

With your acknowledgment, which we will attach to our motion, we will proceed with obtaining court approval.

Please advise.


Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN  55402

(612) 332-1030 (work)
(612) 455-3929 (fax)

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

      Debtor.

_____

BKY No. 09-50779

Chapter 7

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2011, I caused the following documents:

### *Notice of Hearing and Motion for Approval of Settlement and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

SEE ATTACHED SERVICE LIST

Dated:  March 23, 2011

/e/  Stephanie Wood

_____

Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
(612) 332-1030

436415

UNITED STATES RENT A CAR
4744 PARADISE ROAD
LAS VEGAS, NV  89121

ACE INSURANCE COMPANY
P.O. BOX 294836
CLEVELAND OH 44101

ALDRIDGE, DAN
1600 KENWOOD PKWY.
MINNEAPOLIS MN 55405

ALLEN EIDE
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS MN 55120

AMERICAN EXPRESS
P. O. BOX 0001
LOS ANGELES CA 90096

AMERICAN NAT'L BANK OF MN
7638 WOIDA RD
BAXTER MN 56425

ANCHOR BANK
1570 CONCORDIA AVE
SAINT PAUL MN 55104

ANCHOR BANK
P.O. BOX 7933
MADISON WI 53707

AV CARD/OASIS
164 LAKE FRONT DR
COCKEYSVILLE MD 21030

AXIS CAPITAL, INC.
308 N LOCUST ST
PO BOX 2555
GRAND ISLAND NE 68802

AXLE CAPITAL, LLC / SAGECREST
3 PICKWICK PLAZA
GREENWICH CT 06830

AMERICAN BANK
1578 UNIVERSITY AVENUE W
SAINT PAUL, MN 55104

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BARBARA LYNN CUTTER
7001 W. CHARLESTON BLVD.,
#1088
LAS VEGAS, NV 89117

BAYPORT MARINA ASSOCIATION
200 5TH STREET
BAYPORT MN 55003

BELISLE, WAYNE
1843 EAGLE RIDGE DR
SAINT PAUL MN 55118

BELLAGIO
3600 LAS VEGAS BLVD
LAS VEGAS NV 89109

BREICH, WALTER
13670 -- 122ND STREET
NORWOOD YOUNG AMERICA MN
55368

BREMER BANK
633 SOUTH CONCORD STREET,
SUITE 350
SOUTH ST. PAUL MN 55075

BRIGGS & MORGAN PA
2200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS MN 55402

C AND C BOAT WORKS
36448 CTY RD 66
CROSSLAKE MN 56442

CA BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279-7072

CA DEPT OF MOTOR VEHICLES
PO BOX 942869
SACRAMENTO CA 94269-0001

CARLTON FINANCIAL
CORPORATION
1907 E. WAYZATA BLVD. SUITE 180
WAYZATA MN 55391

CENTER POINT ENERGY
P.O. BOX 1144
MINNEAPOLIS MN 55440

CESSNA AIRCRAFT COMPANY
P.O. BOX 12270
WICHITA KS 67277

CHRYSLER FINANCIAL
CIMS 740-01-19
6400 S FIDDLERS GREEN CIR.,
STE. 700
ENGLEWOOD CO 80111-4979

CITY OF ASPEN
130 S. GALENA ST.
ASPEN CO 81611

CITY OF BAYPORT
294 N. 3RD STREET
BAYPORT MN 55003

CITY OF MEDINA
2052 CO RD 24
HAMEL MN 55340

COMMUNITY NATIONAL BANK
845 EAST COUNTY ROAD E
VADNAIS HEIGHTS MN 55127

D&H DOCKS
23624 SMILEY ROAD
NISSWA, MN 56468

COOPERATIVE POWER
P.O. BOX 69
TWO HARBORS MN 55616

CORNERSTONE BANK
2280 45TH STREET SOUTH
FARGO, ND  58104

CROSSLAKE PROPERTY
SOLUTIONS
P.O. BOX 810
CROSSLAKE MN 56442

CROW WING COUNTY
TREASURER
JUDICIAL CENTER
213 LAUREL ST
BRAINERD MN 56401

DEERWOOD BANK
611 WASHINGTON STREET NE
BRAINERD MN 56401-3377

DON GILBERT
1700 PHEASANT RUN
HUDSON WI 54016

DONALD M HALSTEAD III
15626 SUNSET WAY
BRAINERD MN 56401

ELIZABETH A JOHNSON
PO BOX 624
PINE RIVER MN 56474

ENCORE BANK
3003 TAMIAMI TRAIL NORTH, #100
NAPLES FL 34103

EXXONMOBILE OIL
CORPORATION
ATTN JENNIFER FRASER
120 MCDONALD STREET SUITE B
SAINT JOHN NB CANADA E2J 1M5

FAMILY HOLDINGS OF MN LLC
11614 ECHO BAY DRIVE
CROSSLAKE MN 56442

FIFTH THIRD BANK
C/O RICHARD J. SWIFT, JR.
GARLICK STETLER & SKRIVIAN
9115 CORSEA DE FONTANA WAY,
#100
NAPLES FL 34109

GE CAPITAL
1415 WEST 22ND STREET, #600
OAKBROOK IL 60523

GE CAPITAL, FLEET SERVICES
3 CAPITAL DRIVE
EDEN PRAIRIE MN 55344

GELCO CORPORATION
THREE CAPITAL DRIVE
ATTN: GENERAL COUNSEL
EDEN PRAIRIE MN 55344

GEMB LENDING INC
2995 RED HILL AVE STE 250
COSTA MESA CA 92626

GEMB LENDING, INC.
P.O. BOX 57091
IRVINE CA 92619

GMAC MORTGAGE
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

GMAC MORTGAGE
P.O. BOX 4622
WATERLOO IA 50704

GMAC, LLC
15303 94TH AVENUE
ORLAND PARK IL 60462

GWYN M DOENZ
10600 COUNTRY DRIVE
PINE CITY MN 55063

HECKER, SANDRA
13755 - 84TH PL N
MAPLE GROVE MN 55369

HENNEPIN COUNTY TREASURER
300 S SIXTH ST
A600 GOVERNMENT CNT
MINNEAPOLIS MN 55487

HOLY CROSS ENERGY
3799 HWY 82
GLENWOOD SPRINGS CO 81602

HOME FEDERAL SAVINGS BANK
1016 CIVIC CENTER DR NW
STE 300
ROCHESTER MN 55903

HSBC BANK NEVADA NA
BASS & ASSOCIATES, PC
3936 E FT LOWELL RD, STE 200
TUCSON AZ 85712

HYUNDAI MOTOR AMERICA
10550 TALBERT AVE
MOUNTAIN VALLEY CA 92708

| | | |
|---|---|---|
| INTER BANK<br>P.O. BOX 986<br>NEWARK NJ 07184 | INTERBANK EDINA<br>3400 WEST 66TH STREET, SUITE 100<br>EDINA MN 55435 | INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES BRANCH<br>389 US COURTHOUSE 316 N ROBERT<br>ST. PAUL MN 55101 |
| IRS<br>DEPARTMENT OF TREASURY<br>OGDEN UT 84201 | JACOB HOLDINGS OF MEDINA, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 | JACOB PROPERTIES OF ASPEN, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 |
| JASON S. COLBAUGH<br>PO BOX 1220<br>BRAINERD MN 56401 | JAVAN CARL<br>13942 GRAND OAKS DR<br>BAXTER MN 56425 | JAVER ESQUIVEL<br>2807 W AVE 30<br>LOS ANGELES CA 90065 |
| JC BROMAC<br>11860 S. LA CIENEGA BLVD.<br>LOS ANGELES CA 90250 | JOHN J. SORCI TRUST<br>2300 EAST VALLEY COURT<br>SAN JOSE CA 95148 | JP MORGAN CHASE BANK, N.A.<br>726 MADISON AVENUE<br>NEW YORK NY 10021 |
| KAPLAN STRANGIS & KAPLAN PA<br>5500 WELLS FARGO CENTER<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | KELLY K. HECKER<br>13905 - 53RD AVE N. APT. 1<br>PLYMOUTH MN 55446 | KLEINBANK<br>14141 GLENDALE ROAD<br>SAVAGE MN 55378 |
| KSTP-FM LLC<br>3415 UNIVERSITY AVE<br>SAINT PAUL MN 55114 | LAKE BANK, N.A., THE<br>613 FIRST AVENUE<br>TWO HARBORS MN 55616 | LLOYD SECURITY<br>204 N. FIRST STREET<br>MINNEAPOLIS MN 55401 |
| MICHAEL B. LUBIC<br>10100 SANTA MONICA BLVD, 7TH FL.<br>LOS ANGELES, CA 90067 | M&I BANK<br>770 N. WATER STREET<br>MILWAUKEE WI 53202 | MAC OF PINE CITY, LLC<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 |
| MARC D. KOHL<br>39101 DARLING LANE<br>HINCKLEY MN 55037 | MARC E TRESSLER<br>147C W. 116TH AVE, APT. 17<br>DENVER CO 80234-2853 | MARSH CONSUMER<br>333 SOUTH SEVENTH, STE 1600<br>MINNEAPOLIS MN 55402-2427 |
| MARSHALL BANK FIRST<br>225 SOUTH SIXTH STREET, SUITE 2900<br>MINNEAPOLIS MN 55402 | MCENROE, CATHERINE<br>LEONARD STREET & DEINARD<br>150 S FIFTH ST STE 2300<br>MINNEAPOLIS MN 55402 | MICHAEL REYES<br>PO BOX 205<br>BACKUS MN 56435 |
| MIKDEN PROPERTIES<br>7002 6TH STREET NORTH<br>OAKDALE MN 55128 | MINNESOTA DEPT. OF REVENUE<br>MAIL STATION 7701<br>SAINT PAUL MN 55146-7701 | MINNESOTA DEPT. OF REVENUE<br>PO BOX 64649<br>SAINT PAUL MN 55164-0649 |

MN DEPT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES
445 MINNESOTA ST
SAINT PAUL MN 55101-5160

NATHAN THIEMAN
1030 8TH AVE SW
PINE CITY MN 55063

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NIEDERNHOEFER, MANFRED
1563 RIVERCREST RD
LAKELAND MN 55043

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

OLD REPUBLIC SURETY
1503 - 42ND ST
STE 100
DES MOINES IA 50305

PRALLE, GARY
3625 PINE HOLLOW PL
STILLWATER MN 55082

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

PRESS A DENT INC
1154 S HIGH ST
DENVER CO 80210

PRINDLE, DECKER & AMARO, LLP
310 GOLDER SHORE - 4TH FLOOR
LONG BEACH CA 90802

PROFESSIONAL SERVICE
BUREAU
11110 INDUSTRIAL CIRCLE NW
STE B
ELK RIVER MN 55330-0331

MICHAEL W. MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

R. OLSON / WATERFORD
PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK
LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROE, JESSICA LIPSKY, ESQ.
BERNICK LIFSON ET AL
500 WAYZATA BLVD STE 1200
MINNEAPOLIS MN 55416

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

RUTH ANN BIEDERMAN
414 7TH AVE NE
PINE CITY MN 55063

SCHUYLER SCARBOROUGH
19181 SPENCER ROAD UNIT #15
BRAINERD MN 56401

SCOTT A. KEYPORT
1802 AIRWAVES RD NE
PINE CITY MN 55063

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIX YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF
REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY
MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS
BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY., STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND
FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY
TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK,
FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

DENNIS E. HECKER #15080-041
FPC DULUTH
FEDERAL PRISON CAMP
P.O. BOX 1000
DULUTH, MN  55814

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

GENE WINSTEAD
1800 WEST OLD SHAKOPEE ROAD
BLOOMINGTON, MN 55431

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                    BKY No. 09-50779

Dennis E. Hecker,                                                                Chapter 7

          Debtor.

---

**ORDER**

---

The above matter came before the court on the trustee's motion for approval of settlement.

Based upon all the files, records and proceedings herein, and the court being fully advised in the premises,

**IT IS ORDERED**:

1.        The trustee's settlement with Gene Winstead or his assigns is hereby approved.

Dated: _____

                                                    _____
                                                    United States Bankruptcy Court Judge

436272

# EXHIBIT B

In re:                                                      Chapter 11

                                                Bky. Case No. 10-35110-GFK

R & S Heating and Air Conditioning, Inc.,

          Debtor.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between John R. Stoebner (the "Trustee"), trustee of the Chapter 11 bankruptcy estate of R & S Heating and Air Conditioning, Inc. ("Debtor"), on the one hand, and Ike's LLC ("Ike's"), on the other hand.

## <u>RECITALS</u>

A.       A voluntary petition commencing this Chapter 11 case was filed on July 13, 2010. On November 18, 2010, John R. Stoebner ("Trustee") was appointed as Chapter 11 Trustee for the Debtor.  This bankruptcy case is now pending before the U.S. Bankruptcy Court for the District of Minnesota ("Bankruptcy Court").

B.       On or about February 7, 2007, Ike's and its Chief Manager, Carl B. Isaacson, executed and delivered to Debtor a Promissory Note and a Warrant of Attorney to Enter Judgment by Confession, pursuant to which Ike's and Isaacson agreed to pay Debtor the principal amount of $123,139.48 plus seven percent annual interest (the "Obligation").

C.       The Obligation related to services provided by Debtor to Ike's from time to time in 2002 and 2003, but for which Debtor had not been paid.

D.       The Trustee has demanded that Ike's turn over the amount of the unpaid Obligation.

E.      Debtor contends that the amount of the Obligation due and owing is $122,949.33, while Ike's contends that the unpaid amount of the Obligation is approximately $90,000.00. Further, Ike's has represented to the Trustee that it is experiencing grave financial difficulties and is not able to satisfy in full the claims of all of its creditors, and that Carl B. Isaacson is similarly insolvent.

F.      The Trustee and Ike's have agreed to a full and complete settlement of the Trustee's claims related to the Obligation.

**NOW, THEREFORE**, in consideration of the premises and the agreements, covenants, and provisions contained in this Agreement, the parties agree and declare as follows:

1.      This Agreement is entered into voluntarily by all of the undersigned parties.

2.      All parties to this Agreement represent that no claims against each other, known or unknown, have been assigned or given to anyone else.

3.      In exchange for the releases described below and other valuable consideration described in this Agreement, the receipt and sufficiency of which are hereby acknowledged, and concurrent with the execution of this Agreement by the parties, Ike's agrees to make payment to "*John R. Stoebner, Trustee*" in the amount of fifty-five thousand and no/100 ($55,000.00) (the "Settlement Amount").

4.      In exchange for the payment described above and other valuable consideration described in this Agreement, upon receipt of the Agreement executed by Ike's and the Settlement Amount, the Trustee releases and forever discharges Ike's, together with its past or present affiliates, officers, directors, employees, attorneys, representatives, successors, insurers, and assigns, from any and all charges, complaints, claims, demands, rights, suits, debts, liens, agreements, contracts, covenants, obligations, liabilities, judgments, costs, attorney fees,

expenses, actions, and causes of action, of any kind or description whatsoever, both known and unknown, existing at any time up to and including the date of this Agreement, that in any way arise out of the Obligation or the unpaid services that underlie the Obligation.  Notwithstanding the foregoing, nothing contained herein shall constitute a release of any claims based upon or arising out of this Agreement.

5.     As additional consideration for the payment described in this Agreement, the Trustee releases and forever discharges Carl B. Isaacson from any and all charges, complaints, claims, demands, rights, suits, debts, liens, agreements, contracts, covenants, obligations, liabilities, judgments, costs, attorney fees, expenses, actions, and causes of action, of any kind or description whatsoever, both known and unknown, existing at any time up to and including the date of this Agreement, that in any way arise out of the Obligation or the unpaid services that underlie the Obligation.

6.     This Agreement, and the terms contained herein, are subject to approval by the Bankruptcy Court, which approval the Trustee agrees to seek within a reasonable time following receipt of the fully executed Agreement.  In the event the Bankruptcy Court declines to approve this settlement, this Agreement and the releases herein shall be null and void, the Trustee shall promptly return the Settlement Amount to Ike's, and the parties shall be restored to their respective claims and defenses, except that Ike's hereby irrevocably waives any defense related to any statute of limitations applicable to any claims the Trustee could have brought against Ike's in connection with this bankruptcy case.

7.     The terms herein are contractual in nature and not mere recitals and may be enforced as a contract between the parties hereto in a court of law.  This Agreement shall be governed by the laws of the State of Minnesota.  The Bankruptcy Court shall have exclusive

jurisdiction to hear any and all disputes related to this Agreement.

8.  Each party agrees that it has read and understood this Agreement, and has had the opportunity to consult with, and obtain the advice of, legal counsel prior to execution of this Agreement. All parties to this Agreement shall be considered for all purposes to have shared equally in the drafting of this Agreement.

9.  The parties agree that if any portion of this Agreement is found to be unenforceable or prohibited, the remainder of this Agreement shall remain in full force and effect.

10. This Agreement sets forth the entire agreement of the parties and supersedes all prior written and oral agreements, and any and all communications between the parties. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing by all parties hereto.

11. This Agreement may be executed in multiple counterparts and/or via facsimile transmission or the transmission of pdf documents via e-mail, and all counterpart, facsimile or electronic signatures shall be deemed originals for all purposes.

12. Each party warrants and represents that this Agreement is executed on its behalf by a duly authorized officer or agent.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE, AND UNDERSTAND ITS TERMS AND FREELY AND VOLUNTARILY SIGN THE SAME.

Dated: _____3/24_____, 2011

**JOHN R. STOEBNER, in his capacity as Trustee of the Chapter 11 bankruptcy estate of R &S Heating and Air Conditioning, Inc.**

_____

4

Dated: ___3-23-11___, 2011      **IKE'S, LLC**

BY: _Eugene L Winstead_

ITS: _Chief Manager_

10-390

In re:

                                             Chapter 11

R & S Heating & Air Conditioning, Inc.,           Bky. Case No. 10-35110-GFK

           Debtor.

## TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF VERIFIED MOTION FOR APPROVAL OF COMPROMISE

John R. Stoebner (the "Trustee"), as trustee of the Chapter 11 bankruptcy estate of R & S Heating & Air Conditioning, Inc. ("Debtor"), respectfully submits the following Memorandum of Law in Support of Verified Motion for Approval of Compromise.

## INTRODUCTION

The Trustee respectfully seeks the Court's approval of the Trustee's agreement to accept an immediate lump-sum payment of $55,000 in full satisfaction of a debt with a disputed value in the range of $90,000 and $122,949.33. It is the Trustee's business judgment that this compromise is prudent and in the best interests of Debtor's estate because, among other reasons, it provides immediate cash benefit to the estate, it spares the estate the delay and costs of litigation and collection, and it is unlikely that the Trustee would be able to collect a greater amount if the claim were reduced to judgment, due to the obligor's poor financial condition.

## STATEMENT OF FACTS

The relevant facts are as stated in the Trustee's Verified Motion, but will be briefly summarized here. Capitalized terms used herein and not otherwise defined have the meanings given to them in the Verified Motion.

Several years ago, Debtor provided services to Ike's, LLC, the company that operates Ike's restaurant in downtown Minneapolis. In February 2007, unable to collect what was owed for its services, Debtor accepted a $123,139.48 Promissory Note from Ike's and its principal, Carl B. Isaacson. Ike's ability to pay its debt to Debtor never improved and, in fact, only deteriorated. Fortunately, a minority owner of Ike's is stepping into the breach and has agreed to obtain and provide capital so that Ike's can repay its creditors and continue its business operations. In order for Ike's to successfully reorganize rather than close its doors, however, Ike's required its creditors to compromise their claims. Indeed, the trustee of the Chapter 7 bankruptcy estate of Dennis E. Hecker recently sought Court approval to compromise an unrelated claim against Ike's on substantially similar terms as those advanced here by the Trustee.

## LEGAL ARGUMENT

Settlement and compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S. Ct. 1 (1939); *ReGen Capital III, Inc. v. Official Committee of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).

Procedurally, compromise and settlement are governed by the Federal Rules of Bankruptcy Procedure, which provide that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. This Court has broad discretion to approve settlements involving the bankruptcy estate. *See, e.g., In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989).

The considerations or factors for approving a settlement or compromise are old and familiar law:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929).

"The paramount (though not ultimately controlling) consideration is the interests of the creditors of the estate." *Hancock-Nelson* at 990. The proposing trustee meets his burden to show that the settlement is in the best interest of the estate by establishing that the proposed settlement "does not fall below the lowest point in the range of reasonableness" of outcomes. *In re Y-Knot Const., Inc.*, 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007).

Here, the compromise advanced by the Trustee not only falls within the range of reasonable outcomes, but it is a very good result in light of the surrounding circumstances. While the claim itself is a simple note enforcement and not likely to be result in an unfavorable judgment, the greater difficulty facing the Trustee is obtaining actual money on the claim. To wit, the Debtor was unable to collect any material portion of the debt owed by Ike's for the better part of a decade. The original debt at issue traces back to 2002 or 2003 when the Debtor provided services to Ike's and, after Ike's did not timely pay for those services, the debt was memorialized by a Promissory Note in 2007.

Now, four years later, Ike's is in no better – in fact, a worse – position to pay its debt to the Debtor (along with Ike's other creditors). Had the Trustee not agreed to compromise this claim, and instead obtained judgment against Ike's, it is doubtful that the Trustee would be able to collect an amount approaching that offered by Ike's in connection with its reorganization. The

more likely result of pursuit of this claim by the Trustee and Ike's other creditor would be Ike's bankruptcy or insolvency.

In addition to the uncertainty of being able to recover on any judgment, this compromise also spares the estate from the expense and delay of litigating to establish the amount of Ike's liability and thereafter pursuing Ike's assets through legal process. While Ike's has conceded for settlement purposes that it owes the Debtor approximately $90,000, it still would be the Trustee's burden to prove the full amount of the debt, including the approximately $32,000 discrepancy between the parties' assertions. Such litigation, if even minimally contested by Ike's, could take upwards of six months to conclude, and might demonstrate that the true amount of the debt is closer to $90,000 than $122,000. And, again, after spending that time and money to litigate, the Trustee would face the task of finding property to satisfy the judgment.

In light of the foregoing, it is the Trustee's business judgment that accepting immediate payment of $55,000 in full satisfaction of Ike's debt is in the best interests of the Debtor's estate and its creditors.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court grant his motion and approve the settlement with Ike's.

Dated: March 24, 2011

LAPP, LIBRA, THOMSON, STOEBNER
& PUSCH, CHARTERED

By: /e/ Tyler D. Candee

John R. Stoebner (#0140879)
Ralph V. Mitchell (#184639)
Tyler D. Candee (#0386598)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
T (612) 338-5815
F (612) 338-6651
JStoebner@lapplibra.com
RMitchell@lapplibra.com
TCandee@lapplibra.com

**ATTORNEYS FOR JOHN R. STOEBNER,
TRUSTEE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

                                                                    Chapter 11

R & S Heating & Air Conditioning, Inc.,                  Bky. Case No. 10-35110-GFK

        Debtor.

---

        I, Debra L. Wegler, declare under penalty of perjury that on March 24, 2011, I caused the following documents:

1. **Notice of Hearing and Verified Motion for Approval of Compromise with attached exhibits thereto;**
2. **Trustee's Memorandum of Law in Support of Verified Motion for Approval of Compromise; and**
3. **[Proposed] Order Approving Compromise.**

to be electronically filed with the Clerk of Court through the Electronic Case Filing System ("ECF") and that ECF will send an e-notice of the electronic filing to the following:

- Monica L. Clark    clark.monica@dorseylaw.com
- Amy L. Court    alc@mcgrannshea.com, smh@mcgrannshea.com
- Steven A. Ginther    mn@dor.mo.gov
- David G Hellmuth    dhellmuth@hjlawfirm.com
- Linda J. Jungers    bankruptcy@szjlaw.com
- Colin Kreuziger    Colin.Kreuziger@usdoj.gov
- Ralph Mitchell    rmitchell@lapplibra.com, jpipp@lapplibra.com
- Timothy D. Moratzka    tdm@mcmlaw.com, ldj@mcmlaw.com;jef@mcmlaw.com
- T. Chris Stewart    tchris@analawfirm.com, mai@analawfirm.com
- John R. Stoebner    jstoebner@lapplibra.com, lfrey@lapplibra.com;rtri@lapplibra.com;MN04@ecfcbis.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Marilyn J Washburn    MN_bank@riezmanberger.com;riezmanberger@gmail.com
- Joseph Anthony Wentzell    jwentzell@fosterbrever.com

Executed on:   March 24, 2011              /e/  Debra L. Wegler
                                          Debra L. Wegler, Paralegal
                                          Lapp, Libra, Thomson, Stoebner &
                                                  Pusch, Chartered
                                          120 South Sixth Street, Suite 2500
                                          Minneapolis, MN 55402
                                          612/338-5815

In re:

                                      Chapter 11

R & S Heating & Air Conditioning, Inc.,          Bky. Case No. 10-35110-GFK

        Debtor.

## ORDER APPROVING COMPROMISE

At St. Paul, Minnesota, _____.

      This case came before the Court on the Trustee's Motion for Approval of Compromise [Doc. No. 136].

      Based on the Trustee's motion and arguments, and all of the documents filed in this case, the Court being duly advised in the premises,

**IT IS ORDERED:**

      1.      The Trustee's settlement with Ike's, LLC of a disputed debt in an amount between $90, 000 and $122,949.33, by Ike's payment of $55,000, is approved.

      2.      This settlement is in the best interests of the Debtor's estate under the factors set forth in *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929). The immediate consideration to be paid by or on behalf of Ike's is reasonable, particularly in light of the delay, expense, and difficulty of collecting on any judgment the Trustee might obtain against Ike's.

_____
Gregory F. Kishel
Chief United States Bankruptcy Judge