UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

R & S Heating & Air Conditioning, Inc.,

Debtor.

Chapter 11

Bky. Case No. 10-35110-GFK

# NOTICE OF HEARING AND VERIFIED MOTION
# FOR APPROVAL OF TWO SEPARATE SETTLEMENTS

**TO: ALL ENTITIES SPECIFIED IN LOCAL RULE 2002-1(b).**

1. R & S Heating & Air Conditioning, Inc. ("Debtor"), through John R. Stoebner, Chapter 11 Trustee (the "Trustee"), moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion at 10:00 a.m. on July 12, 2011, or as soon thereafter as counsel may be heard, in Courtroom 2A, of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

3. Any response to the motion must be filed and served not later than July 7, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays).

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. A voluntary petition commencing this Chapter 11 case was filed on July 13, 2010. On November 18, 2010, the

Trustee was appointed as Chapter 11 Trustee. Debtor's bankruptcy case is now pending before this Court.

5. This motion arises under 11 U.S.C. § 542(b) and Fed R. Bankr. P. 9019. This motion is filed under Fed. R. Bankr. P. 2002 and 9014 and Local Rules 2002-1, 9013-1 through 3, and 9019-1.

6. The Trustee seeks an Order of this Court approving the settlement of two matters:

a) litigation between the Debtor and Hennepin County; and

b) the settlement of certain disputes that have arisen between the Debtor and IPT, LLC, d/b/a FM Facility Maintenance, LLC ("FM") with respect to the amount due to Debtor by FM.

### A. Hennepin County Litigation

7. On April 19, 2010, prior to the commencement of this Chapter 11 bankruptcy case, Debtor commenced litigation against Hennepin County. That matter, *R & S Heating and Air Conditioning, Inc. v. The County of Hennepin,* Case No. 27-CV-10-8349 is currently pending in Hennepin County District Court.

8. By this lawsuit, Debtor sought to recover payment for a number of unpaid invoices totaling approximately $660,000 for services provided by Debtor to Hennepin County during 2007 and 2008. Hennepin County has vigorously denied any liability for these unpaid invoices alleging that the Debtor's billing practices failed to conform to the parties' contract in a number of ways, including fraud. Hennepin County has also asserted that it believes that in addition to not owing anything for these invoices, it may have actually overpaid Debtor for invoices submitted prior to the ones in dispute. The Debtor also sought additional damages in its complaint for alleged violations by Hennepin County of the Minnesota Prompt Payment Act. By

order dated May 26, 2011, the Hennepin County District Court granted Hennepin County's motion for partial summary judgment on the Prompt Payment Act liability claim of Debtor.

9. The parties have engaged in extensive litigation over the past thirteen months, including extensive written discovery, numerous depositions and several motions relating to discovery and at least four motions for partial summary judgment (two by each party). In addition, the parties have produced thousands of pages of documents and engaged various third parties rendering accounting and similar services.

10. This matter was set on for trial beginning July 25, 2011. On May 11, 2011, the parties engaged in a full day of mediation which, while not resulting in a settlement, did significantly reduce the gap between the respective party's settlement positions. Following this extensive mediation process, mediator John Harens continued to engage the parties separately with respect to effecting a settlement. These additional efforts resulted in the parties agreeing to a settlement whereby Hennepin County would pay the sum of $170,000 in complete settlement of the litigation, subject to approval respectively by the Hennepin County Commissioners and the United States Bankruptcy Court. On June 15, 2011, the Trustee was advised that the Hennepin County Commissioners had approved the terms of the settlement. Accordingly, the Trustee files this motion seeking approval of this settlement by the United States Bankruptcy Court.

11. For the foregoing reasons, it is the Trustee's business judgment that it is in the best interest of Debtor's bankruptcy estate to accept Hennepin County's offer to pay $170,000 to satisfy in full the claims of the Debtor in this litigation. Specifically, the Trustee believes that accepting Hennepin County's offer is prudent and beneficial to the estate in light of the significant additional litigation expense required to prove liability for the disputed amount of the

debt, the serious allegations raised by Hennepin County in defense of the Debtor's allegations, and the additional delay, and uncertainty of proceeding to trial. In addition, the Debtor will avoid expending additional significant resources of its employees' time and energy to this litigation; permitting these employees to devote that time and energy to the ongoing business operations of the Debtor.

12. The settlement between Hennepin County and the Trustee provides, *inter alia*, that Hennepin County will pay the Trustee $170,000 and that the Trustee will release Hennepin County from any additional liability. The specific terms of the settlement will be set forth in a written Settlement Agreement and Mutual Release which is currently being drafted by counsel for Hennepin County and which the Trustee believes will be available for review prior to the hearing on this motion by any party requesting the same.

### B. FM Contract Dispute

13. Certain disputes have arisen between the Trustee and FM with respect to the amount due under a Service Provider Agreement entered into by the parties on or about September 1, 2009, whereby Debtor agreed to provide maintenance and repair services requested in connection therewith. The disputes center around amounts claimed owing under more than 150 separate invoices. The Debtor contends that the amount of the unpaid invoices that are due and owing is $115,609.11, while FM contends that the amount of the unpaid invoices that are due and owing is $96,486.04.

14. The parties have agreed to resolve this dispute by FM paying a total of $105,000 to the Trustee; $52,500 upon the execution of a definitive settlement agreement and the balance of $52,500 upon Bankruptcy Court approval of the settlement and such order becoming a final, non-appealable order. In addition, the Trustee has agreed that the Debtor will defend against and

4

indemnify FM from any lien claim or litigation filed against FM or its customers arising from Debtor's failure to pay any supplier, subcontractor, or any other third-party for work performed on behalf of Debtor at an FM client location under the Service Provider Agreement.

15. For the foregoing reasons, it is the Trustee's business judgment that it is in the best interest of Debtor's bankruptcy estate to accept FM's offer to pay $105,000 to satisfy in full the claims of the Debtor against FM. Specifically, the Trustee believes that accepting FM's offer is prudent and beneficial to the estate in light of the fact that the settlement amount is in excess of 90% of the amount believed to be owing by Debtor (and approximately109% of the amount claimed to be owing by FM), the amount allegedly owed is subject to bona fide dispute, and the cost to the bankruptcy estate of determining with greater precision the amounts owed under more than 150 invoices might very well exceed any additional amount to be gained by the estate over and above the settlement amount.

16. The specific terms of the settlement will be set forth in a written Settlement Agreement and Mutual Release. A draft of this document has been forwarded to Trustee by counsel for FM and is currently being reviewed by Trustee's counsel. Trustee believes a final executed agreement will be available for review prior to the hearing on this motion by any party requesting the same.

WHEREFORE, the Trustee respectfully requests that the Court approve the respective settlements with Hennepin County and FM and for such other and further relief as is just and equitable.

Dated: June 21, 2011    LAPP, LIBRA, THOMSON, STOEBNER
               & PUSCH, CHARTERED

            By: */e/ John R. Stoebner*
              John R. Stoebner (#0140879)
              Ralph V. Mitchell (#184639)
              Tyler D. Candee (#0386598)
            One Financial Plaza, Suite 2500
            120 South Sixth Street
            Minneapolis, MN  55402
            T (612) 338-5815
            F (612) 338-6651
            JStoebner@lapplibra.com
            RMitchell@lapplibra.com
            TCandee@lapplibra.com

            **ATTORNEYS FOR JOHN R. STOEBNER, TRUSTEE**

## VERIFICATION

John R. Stoebner, as trustee of the Chapter 11 bankruptcy estate of R & S Heating and Air Conditioning, Inc., Movant herein, declares under penalty of perjury that he has read the foregoing Motion for Approval of Settlements, and that the facts set forth therein are true and correct according to the best of his knowledge, information, and belief.

     /e/  *John R. Stoebner*
John R. Stoebner

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| R & S Heating & Air Conditioning, Inc., | Bky. Case No. 10-35110-GFK |
| Debtor. | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF VERIFIED MOTION FOR APPROVAL OF SETTLEMENTS**

John R. Stoebner (the "Trustee"), as trustee of the Chapter 11 bankruptcy estate of R & S Heating & Air Conditioning, Inc. ("Debtor"), respectfully submits the following Memorandum of Law in Support of Verified Motion for Approval of Settlements.

## INTRODUCTION

The Trustee respectfully seeks the Court's approval of the Trustee's agreements: a) to accept payment of $170,000 in full satisfaction of a pending litigation between the Debtor and Hennepin County; and to accept payment of $105,000 in full satisfaction of Debtor's claims against FM regarding certain unpaid invoices. It is the Trustee's business judgment that these settlements are prudent and in the best interests of Debtor's estate because, among other reasons, it provides immediate cash benefit to the estate and it spares the estate the delay, costs and uncertainty of additional litigation or collection efforts.

## STATEMENT OF FACTS

The relevant facts are as stated in the Trustee's Verified Motion, but will be briefly summarized here. Capitalized terms used herein and not otherwise defined have the meanings given to them in the Verified Motion.

## A. Hennepin County Litigation

On April 19, 2010, prior to the commencement of this Chapter 11 bankruptcy case, Debtor commenced litigation against Hennepin County. That matter, *R & S Heating and Air Conditioning, Inc. v. The County of Hennepin,* Case No. 27-CV-10-8349 is currently pending in Hennepin County District Court. By this lawsuit, Debtor sought to recover payment for a number of unpaid invoices totaling approximately $660,000 for services provided by Debtor to Hennepin County during 2007 and 2008. Hennepin County has vigorously denied any liability for these unpaid invoices alleging that the Debtor's billing practices failed to conform to the parties' contract in a number of ways, including fraud. Hennepin County has also asserted that it believes that in addition to not owing anything for these invoices, it may have actually overpaid Debtor for invoices submitted prior to the ones in dispute. The Debtor also sought additional damages in its complaint for alleged violations by Hennepin County of the Minnesota Prompt Payment Act. By order dated May 26, 2011, the Hennepin County District Court granted Hennepin County's motion for partial summary judgment on the Prompt Payment Act liability claim of Debtor.

## B. FM Contract Dispute

Certain disputes have arisen between the Trustee and FM with respect to the amount due under the Service Provider Agreement, whereby R&S agreed to provide maintenance and repair services requested in connection therewith. The disputes center around amounts claimed owing under more than 150 separate invoices. The Debtor contends that the amount of the unpaid invoices that are due and owing is $115,609.11, while FM contends that the amount of the unpaid invoices that are due and owing is $96,486.04.

The parties have agreed to resolve this dispute by FM paying a total of $105,000 to the Trustee; $52,500 upon the execution of a definitive settlement agreement and the balance of $52,500 upon Bankruptcy Court approval of the settlement and such order becoming a final, non-appealable order. In addition, the Trustee has agreed that the Debtor will defend against and indemnify FM from any lien claim or litigation filed against FM or its customers arising from Debtor's failure to pay any supplier, subcontractor, or any other third-party for work performed on behalf of R&S at an FM client location under the Service Provider Agreement.

## LEGAL ARGUMENT

Settlement and compromises are a "normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S. Ct. 1 (1939); *ReGen Capital III, Inc. v. Official Committee of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).

Procedurally, compromise and settlement are governed by the Federal Rules of Bankruptcy Procedure, which provide that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. This Court has broad discretion to approve settlements involving the bankruptcy estate. *See, e.g., In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989).

The considerations or factors for approving a settlement or compromise are old and familiar law:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929).

"The paramount (though not ultimately controlling) consideration is the interests of the creditors of the estate." *Hancock-Nelson* at 990. The proposing trustee meets his burden to show that the settlement is in the best interest of the estate by establishing that the proposed settlement "does not fall below the lowest point in the range of reasonableness" of outcomes. *In re Y-Knot Const., Inc.*, 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007).

Here, the compromises advanced by the Trustee not only fall within the range of reasonable outcomes, but are very good results in light of the surrounding circumstances.

With respect to the Hennepin County litigation, the parties have vigorously and exhaustively litigated this matter for more than a year, following months of pre-litigation settlement negotiations. Notwithstanding the voluminous discovery and extensive deposition testimony, the parties continue to disagree substantially over the facts of the case and the applicability of various contract provisions as well as the law regarding the same. In addition to the uncertainty of the result of a full blown trial of this litigation, this settlement also spares the estate from the significant additional expense and delay of trying this case. In light of the foregoing, it is the Trustee's business judgment that accepting immediate payment of $170,000 in full satisfaction of Hennepin County's liability is in the best interests of the Debtor's estate and its creditors.

Similarly, with respect to the FM contract dispute, the settlement provides a recovery in excess of 90% of the amount sought by Debtor. Moreover, settlement permits Debtor to avoid the additional cost and expense of verifying and resolving disputes related to more than 150 separate invoices.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant his motion and approve the respective settlements with Hennepin County and FM.

Dated: June 21, 2011	LAPP, LIBRA, THOMSON, STOEBNER
	& PUSCH, CHARTERED

	By: */e/ John R,. Stoebner*
	John R. Stoebner (#0140879)
	Ralph V. Mitchell (#184639)
	Tyler D. Candee (#0386598)
	One Financial Plaza, Suite 2500
	120 South Sixth Street
	Minneapolis, MN 55402
	T (612) 338-5815
	F (612) 338-6651
	JStoebner@lapplibra.com
	RMitchell@lapplibra.com
	TCandee@lapplibra.com

	**ATTORNEYS FOR JOHN R. STOEBNER, TRUSTEE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

                                                Chapter 11

R & S Heating & Air Conditioning, Inc.,         Bky. Case No. 10-35110-GFK

        Debtor.

      I, Debra L. Wegler, declare under penalty of perjury that on June 21, 2011, I caused the following documents:

1. **Notice of Hearing and Verified Motion for Approval of Two Separate Settlements;**
2. **Trustee's Memorandum of Law in Support of Verified Motion for Approval of Settlements; and**
3. **[Proposed] Order Approving Settlements.**

to be electronically filed with the Clerk of Court through the Electronic Case Filing System ("ECF") and that ECF will send an e-notice of the electronic filing to the following:

- Tyler D. Candee    tcandee@lapplibra.com, dwegler@lapplibra.com
- Monica L. Clark    clark.monica@dorseylaw.com
- Amy L. Court    alc@mcgrannshea.com, ksj@mcgrannshea.com
- Steven A. Ginther    mn@dor.mo.gov
- David G Hellmuth    dhellmuth@hjlawfirm.com
- Linda J. Jungers    bankruptcy@szjlaw.com
- Colin Kreuziger    Colin.Kreuziger@usdoj.gov
- Ralph Mitchell    rmitchell@lapplibra.com, jpipp@lapplibra.com
- Timothy D. Moratzka    tdm@mcmlaw.com, ldj@mcmlaw.com;jef@mcmlaw.com
- T. Chris Stewart    tchris@analawfirm.com, mai@analawfirm.com
- John R. Stoebner    jstoebner@lapplibra.com, lfrey@lapplibra.com;rtri@lapplibra.com;MN04@ecfcbis.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Marilyn J Washburn    MN_bank@riezmanberger.com;riezmanberger@gmail.com
- Joseph Anthony Wentzell    jwentzell@fosterbrever.com

      I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

**SEE ATTACHED EXHIBIT A**

Executed on:  June 21, 2011                    /e/  Debra L. Wegler
                                                               Debra L. Wegler, Paralegal
                                                               Lapp, Libra, Thomson, Stoebner &
                                                                     Pusch, Chartered
                                                              120 South Sixth Street, Suite 2500
                                                              Minneapolis, MN 55402
                                                              612/338-5815

# EXHIBIT A

R & S HEATING & AIR CONDITIONING
12600 CREEK VIEW AVENUE
SAVAGE, MN 55378

Glen Swan
Ace Supply Company Inc.
3825 Edgewood Avenue South
St. Louis Park, MN 55426

Tim Hinz
Twin City Windustrial Comapny
7910 Powell Road
Hopkins, MN 55343

Barbara Condit
SPS Companies, Inc.
6363 Highway #7
Minneapolis,, MN 55416

IRS OFFICE OF CHIEF COUNSEL
650 GALTIER PLAZA
380 JACKSON ST
ST PAUL MN 55101

MN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
PO BOX 64447
ST PAUL MN 55164

IRS AREA DIRECTORS OFFICE
WELLS FARGO PLACE
30 E 7TH STREET, SUITE 1222
MAIL STOP 5700
ST. PAUL, MN 55101

US ATTORNEY
600 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

SECURITIES AND EXCHANGE COMMISSION
BANKRUPTCY SECTION
175 W JACKSON BLVD STE 900
CHICAGO IL 60604

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
PO BOX 21126
PHILADELPHIA PA 19114

US TRUSTEE
1015 U.S. COURTHOUSE
300 SOUTH 4TH ST.
MINNEAPOLIS, MN 55415

Missouri Dept of Revenue
Bankruptcy Unit
Attn Steven A. Ginter
PO Box 475
Jefferson City, MO 65105-0475

Ford Motor Credit Co., LLC
c/o Stewart Zlimen & Jungers
Attn Linda Jeanne Jungers
2277 Hwy 36 W, #100
Roseville, MN 55113

Swervo Development Corp.
c/o Hellmuth & Johnson PLLC
Attn David G. Hellmuth
10400 Viking Dr., #500
Eden Prairie, MN  55344

Lennox National Acct. Serv.
c/o Dorsey & Whitney LLP
Attn Monica Clark
50 South 6th St., #1500
Minneapolis, MN  55402-1498

Trustees of Sheet Metal Local #10
Control Board Trust Fund
c/o Amy L. Court
McGrann Shea Carnival Straughn & Lamb
800 Nicollet Mall, #2600
Minneapolis, MN  55402

Anastasi & Associates, PA
Attn T. Chris Stewart
14985 60th St. No.
Stillwater, MN  55082

City of Savage
Payment Processing Center
PO Box 25470
St. Paul, MN  55125-0470

Emp. Security Commission
Of North Carolina
PO Box 26504
Raleigh, NC  27611-6504

Idaho State Tax Commissioner
PO Box 76
Boise, ID  83707-0076

Iowa Workforce Development
Attn:  Tax Bureau
PO Box 4846
Des Moines, IA  50306-0411

Minnesota Use Tax
600 North Robert Street
St. Paul, MN  55101

Mississippi Dept of Empl Sec.
PO Box 22781
Jackson, MS  39225-2781

Montana Unemployment Insurance Center Bureau
PO Box 63369
Helena, MT  59604-6309

MN Dept of Revenue
PO Box 64651
St. Paul, MN  55164-0651

Montana Dept of Revenue
PO Box 6309
Helena, MT  59604-6339

South Dakota State Treas.
Dept of Revenue & Reg
PO Box 5055
Sioux Falls, SD  57117-5055

State of Arkansas
PO Box 9941 (Withholding)
Little Rock, AR  72203

State of Maryland Unemployment
PO Box 17291
Baltimore, MD 21297-0365

State of Idaho – Cashier
Idaho Dept of Labor
317 W. Main Street
Boise, ID  83707-0078

State of Maine
PO Box 1061
Augusta, ME  04322

Treasurer, State of Iowa
Iowa Dept of Revenue
PO Box 10411
Des Moines, IA  50306-4846

Treasurer – State of Maine
Maine Revenue Services
PO Box 1061
Augusta, ME  04322-1061

Vermont Dept of Taxes
Box 547
Montipelier, VT  05601-0547

West Virginia State Tax Dept
Internal Auditing Div.
PO Box 1667
Charleston, WV  25326-1667

Ford Motor Credit Company LLC
Dept 55953
P O Box 55000
Detroit MI 48255-0953

Beth Ann Stack
Assistant Hennepin County Attorney
300 South Sixth Street
Government Center, C-2000
Minneapolis,  MN  55487

IPT, LLC
Vincent F. Papalia, Esq.
Saiber, LLC
Attorneys at Law
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932-2266

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

R & S Heating & Air Conditioning, Inc.,

Debtor.

Chapter 11

Bky. Case No. 10-35110-GFK

**ORDER APPROVING SETTLEMENTS**

At St. Paul, Minnesota, July 12, 2011.

This case came before the Court on the Trustee's Motion for Approval of Settlements filed June 21, 2011.

Based on the Trustee's motion and arguments, and all of the documents filed in this case, the Court being duly advised in the premises,

**IT IS ORDERED:**

1. The Trustee's settlement with Hennepin County of the pending Hennepin County District Court litigation, *R & S Heating and Air Conditioning, Inc. v. The County of Hennepin*, Case No. 27-CV-10-8349, by payment by Hennepin County of $170,000 to the Trustee, and by the parties mutually releasing each other from all claims as set forth in the parties' Settlement Agreement and Mutual Release is approved.

2. This settlement is in the best interests of the Debtor's estate under the factors set forth in *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929). The immediate consideration to be paid by Hennepin County is reasonable, particularly in light of the delay, expense, and uncertainty of the outcome of the litigation.

3. The Trustee's settlement of its contract disputes with FM by payment by FM of $105,000 to the Trustee, by the parties mutually releasing each other from all claims as set forth

in the parties' Settlement Agreement, and by the Debtor agreeing to indemnify FM as described in the parties' Settlement Agreement and Mutual Release is approved.

4. This settlement is in the best interests of the Debtor's estate under the factors set forth in *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929). The immediate consideration to be paid by FM is reasonable, particularly in light of the delay, expense, and uncertainty of the outcome of continued efforts by the parties to resolve this dispute.

_____
Gregory F. Kishel
Chief United States Bankruptcy Judge